UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.

SUBHI MOHAMMED WAFA,

        Defendant/Petitioner.

Civil No. 06-189-HA
Crim. No. 04-327-01-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

    Petitioner has filed a petition [50] under 28 U.S.C. § 2255, in which he seeks to challenge a number of issues related to the restitution ordered pursuant to his prosecution and sentencing.

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

1 -- OPINION AND ORDER

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in original). The court may deny a hearing only if the petitioner's allegations, viewed against the record, fail to state a claim for relief or are "so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Popoola*, 881 F.2d 811, 812 (9th Cir. 1989) (quoting *Marrow v. United States*, 772 F.2d 525 (9th Cir. 1985)); *see also United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989).

To earn the right to a hearing, the movant must make specific factual allegations which, if true, would entitle the petitioner to relief. *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990). Mere conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993); *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). However, "[a]n evidentiary hearing is usually required if the motion states a claim based on matters outside the record or events outside the courtroom." *Burrows*, 872 F.2d at 917 (citing *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988)).

After reviewing the briefs and the Record of this case, this court concludes that a hearing is unwarranted. The petition is denied.

### 1.     Petitioner Cannot Collaterally Attack Restitution Under 28 U.S.C. § 2255

Petitioner concedes that under *United States v. Thiele*, 314 F.3d 399 (9th Cir. 2002), he has erred in asserting his claims as a petition brought under 28 U.S.C. § 2255. *See* Petitioner's Response to Government's Opposition (Response) at 1.

The Ninth Circuit in *Thiele* recognized that by its plain terms, § 2255 is available only to defendants who are in custody and claiming the right to be released, and cannot be used solely to challenge restitution orders. 314 F.3d at 401.

After conceding his error, petitioner requests that the court instead evaluate his challenges regarding his counsel's performance as it relates to the restitution ordered under the Declaratory Judgment Act, 28 U.S.C. § 2201. *Id.*

The Declaratory Judgment Act states: "In a case of actual controversy within its jurisdiction . . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201 (a). The Ninth Circuit has "long held that the district court must first inquire whether there is an actual case or controversy within its jurisdiction." *See Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2004). "Where habeas corpus is the only basis for jurisdiction, an aggrieved person may not instead seek a declaratory judgment." *Gengler v. U.S. ex rel. its Dept. of Defense and Navy*, 453 F. Supp.2d 1217, 1230 (E.D. Cal. 2006) (citing *LoBue v. Christopher*, 82 F.3d 1081, 1082 (D.C.Cir.1996)).

It is true that "a court has broad discretion in conditioning a judgment granting habeas relief," and that federal courts "are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters as law and justice require." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (internal quotation marks omitted). However, despite a district court's "considerable discretion in fashioning a remedy," there first must be a determination made that habeas relief is warranted before that discretion may be exercised. *Riggs v. Fairman*, 399 F.3d 1179, 1184 (9th Cir. 2005) (quoting *United States v. Morrison*, 449 U.S. 361, 364 (1981)). As petitioner acknowledges, he is unable to establish that habeas relief is

warranted here, because he cannot collaterally attack the restitution orders pursuant to a petition brought under 28 U.S.C. § 2255.

2.  **<u>Ineffective Assistance of Counsel Claims Lack Merit</u>**

Assuming without deciding that petitioner has presented ineffective assistance of counsel claims properly, this court would nevertheless deny those claims. To establish ineffective assistance of counsel, petitioner must establish both deficient performance by counsel and that the deficiency prejudiced the petitioner. *Williams v. Calderon*, 52 F.3d 1465, 1469 (9th Cir. 1995). There is no need to evaluate counsel's performance if the petitioner fails to show that prejudice resulted from counsel's alleged errors. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Williams*, 52 F.3d at 1469 (quoting *Strickland*, 466 U.S. at 694).

In the context of guilty pleas, the "prejudice" prong focuses on whether counsel's deficient performance "affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Thus, to successfully challenge a guilty plea based on ineffective assistance of counsel, the petitioner must show "there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Id.* To establish deficient performance, the petitioner must demonstrate that counsel not merely committed errors, but also performed outside the "wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

Specifically, petitioner must show that counsel committed errors that a reasonable, competent lawyer, acting as a diligent and conscientious advocate, would not make. *Katz v. United States*, 920 F.2d 610 (9th Cir. 1990); *Tinsley v. Borg*, 895 F.2d 520 (9th Cir. 1990).

4 -- OPINION AND ORDER

In this case, petitioner alleges that his counsel was ineffective in several ways regarding the relevant restitution obligations and negotiations. Petitioner alleges that the attorney failed to (1) request that forfeited assets be applied to petitioner's restitution obligations; (2) advise the victim-banks that they could petition for remission; (3) request that restitution be limited to losses connected directly to petitioner's conduct; (4) demonstrate that petitioner lacked the ability to pay the restitution order; (5) diligently investigate the whereabouts of petitioner's personal property; and (6) to perfect and advance an appeal of restitution issues. Petitioner fails to show in any meaningful way that his attorney committed errors in these regards that a reasonable, competent lawyer would not make. Instead, the record as presented establishes that counsel was a conscientious advocate and represented petitioner zealously and effectively.

Counsel plainly advised petitioner in pre-sentence correspondence that the government refused to allow forfeited assets to be credited as restitution, and this was reiterated in the final plea agreement. Petitioner signed that agreement, attesting that he had carefully read and understood the terms of the agreement.

Victim-banks were in fact made aware of their right to seek remission. This is evidenced by such petitions being advanced by at least two institutions so far.

The restitution amounts were stipulated to at sentencing. Petitioner knew that the government's plea negotiations included an option that would invoke a superceding indictment asserting additional crimes and aggravating circumstances, and this knowledge informed his decision to stipulate to the restitution requested.

Petitioner's other arguments have been reviewed and are similarly without merit. His general complaint that he was "rushed" into signing the plea agreement is unsupported by the overwhelming evidence presented in the record.

## CONCLUSION

This court has reviewed the record and the petition fully, including the government's Response. There are no grounds requiring an evidentiary hearing, and no grounds presented compelling an Order that would grant the relief sought by petitioner. Accordingly, petitioner's motion to vacate his sentence under 28 U.S.C. § 2255 [50] is DENIED, and the government's Response [53] is construed as a motion to dismiss the petition and is GRANTED. This action is dismissed with prejudice.

IT IS SO ORDERED.

DATED this  5   day of FEBRUARY, 2007.

/s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge